122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Lanier WALTON, aka Fallah Maudi, Defendant-Appellant.
 No. 96-10435.
 United States Court of Appeals, Ninth Circuit.
 Aug. 20, 1997.
 
 1
 Appeal from the United States District Court District of Arizona, No. CR-95-389-PHX-ROS; Roslyn O. Silver, District Judge, Presiding.
 
 
 2
 Before: FARRIS and TASHIMA, Circuit Judges, and STAGG, Senior District Judge**
 
 
 3
 MEMORANDUM*
 
 
 4
 Gary Walton ("Walton") appeals his convictions for two bank robberies in violation of 18 U.S.C. § 2113(a). After reviewing Walton's contentions on appeal, we affirm Walton's convictions.
 
 
 5
 A district court's exclusion of expert testimony is reviewed for abuse of discretion. United States v. Rincon, 28 F.3d 921, 923 (9th Cir.), cert. denied, 513 U.S. 1029 (1994).
 
 
 6
 The district court did not abuse its discretion in excluding expert testimony in favor of Walton on eyewitness identification. After an evidentiary hearing on whether to allow Dr. Clark to testify regarding eyewitness identification, the district court excluded Dr. Clark's testimony. The court ruled that Dr. Clark was generally qualified to testify regarding eyewitness identification, but found that the evidence intended to be provided by Dr. Clark would not assist the trier of fact. The court further found that no evidence had been introduced indicating whether any of Dr. Clark's studies had been subjected to peer review. Therefore, a detailed jury instruction including many of the issues discussed by Dr. Clark would be used to assist the jury.
 
 
 7
 The admissibility of expert testimony is subject to the standards set out by the United States Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993). The Court in Daubert, set forth several factors which the district court should consider in determining whether a theory or technique constitutes "scientific knowledge," including (1) whether the theory can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) the particular degree of acceptance within the scientific community. Id. at 593-594, 113 S.Ct. at 2796-2797. This list is not exhaustive. Id.
 
 
 8
 Recent Ninth Circuit jurisprudence supports the district court's ruling. See United States v. Rincon, 28 F.3d 921 (9th Cir.1994); United States v. Ginn, 87 F.3d 367 (9th Cir.1996); United States v. Hicks, 103 F.3d 837 (9th Cir.1996). The district court did not abuse its discretion in excluding the expert testimony on eyewitness identification for the following reasons. First, the district court gave a comprehensive jury instruction which covered most of the issues discussed by Dr. Clark, including whether the robber wore a disguise, whether there was a cross-ethnic identification, and whether the length of time available for observing the robber was adequate. Second, the court found that no evidence had been submitted to show that Dr. Clark's studies had been subjected to peer review. Dr. Clark made the statement that because his studies had been published, they would have been subject to peer review. However, Dr. Clark still produced no evidence that any of his studies had been reviewed by other psychologists.
 
 
 9
 Furthermore, many of the studies conducted by Dr. Clark were done on college students that had volunteered for the study, the subject of which was unknown to the volunteers. The studies were not conducted on bank tellers who had undergone training in identification methods for purposes of aiding authorities in bank robbery cases. Additionally, the results within the field of psychology conflicted as to effect that stress has on one's ability to remember an eyewitness account. Because of the conflicting nature of the testimony, the district court did not abuse its discretion in finding that it would not assist the trier of fact and would, in fact, confuse and mislead the jury as to the real effect of stress on one's ability to remember an eyewitness account. Based on the above reasons, the district court did not abuse its discretion by declining to allow the testimony of Dr. Clark to be brought before the jury.
 
 
 10
 Walton also moved for a mistrial on the issues of (1) alleged contamination of the jury selection process; (2) government vouching; (3) Walton's surveillance; (4) a "redacted" transcript; and (5) the cumulative prejudicial effect of the aforementioned issues. After reviewing these issues on appeal, we find the motions for mistrial to be without merit. Additionally, the district court properly denied Walton's Rule 29 motion for acquittal and properly denied Walton's challenge to the sufficiency of the evidence to support his conviction on count one.
 
 
 11
 The rulings of the district court, and consequently Walton's convictions, are AFFIRMED.
 
 
 
 **
 The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3